It is an appeal from the Northern District of California. Mr. Hurt, you want four minutes for rebuttal? Yes, Your Honor. Okay, you may proceed. Good morning. May it please the Court, my name is Christian Hurt and I'm here this morning on behalf of We Agree, which is Collaborative Agreements, the plaintiff appellant. There are a number of issues in this appeal and I'd like to focus on the notice and written description issues and time permitting the venue transfer issues. Of course, I'm happy to answer any questions that the Court may have. We only get to the venue question if we rule in your favor on the merits, correct? That is correct. So to get to the venue issue, the Court would have to reverse the summary judgment decision. Otherwise, the venue issue is met. And that's why I wanted to focus on that summary judgment decision and specifically the notice part of it and then the substantive written description portion of it. The District Court erred when it did not allow We Agree to rely on the 2003 and 2008 applications for priority. Since this case started in Texas, our infringement contentions have pointed to that first provisional application, the 2002 application, in our priority disclosure. And the parties operated on the basis that that disclosure would allow us to get back to that date if we could get corroborating evidence, but also would include each of the other applications in the chain. Yes, Your Honor. What is it about the proceedings in the Texas version of this that distinguishes, it seems to me, two important things? Sure. Ultimately, what the District Court did here was to say your infringement contention meant April 2nd, was it? 2002. 2002. And if we're wrong about that, then only our filing date. That we concede that it's either November 1st or 2nd, 2012. 2002, yes. November 1st, the filing date. The filing date. Or April 2nd, 2002. And if we're wrong about April 2nd, we lose. That's what the District Court said. But in order to get to April 2002, by definition, you need to do all steps in the chain. And so it would be enough for them to respond to say you missed the 2008 step or the 2003 step. What is it that tells you everybody understood, which I think is your kind of assumption, that you were not conceding your case if you got to 2008 or got to 2003 but didn't get to 2002? So two points in response. First and foremost is Adobe's invalidity contentions in Texas. We served the same exact disclosure in Austin that we served in San Francisco. And Adobe's invalidity contentions, they've got the same force on their invalidity theory as our infringement contentions do on our infringement theory. And their invalidity contentions only mentioned 2003 and 2008. So in that point in the case, Adobe could not move on 2002 because it was never disclosed in its invalidity contentions. And we, meaning we agree, we fought this issue in 2003 and 2008 at the claim construction when Adobe raised it. We responded saying, hey, we can get back to 03 and 08. There's enough disclosure there. And we fought it again when the case got transferred and Adobe told the district court in California, we're going to file a motion on 03 and 08. And then afterwards, we agreed to serve the exact same infringement contentions. There was no issue before in the case that we were limited to 02 at the exclusion of all others. When the case was transferred to California, why didn't you update your contentions at that time in order to conform with the local rules? Well, I think the local rules for the contentions were the same. So in Austin, there aren't local rules because there's only, I think, three district court judges. But there's still a requirement for infringement contentions and invalidity contentions. And most districts base that off of what's in Northern California. There's no argument that what was disclosed in the Western District of Texas as a matter of sufficiency was somehow different than what was disclosed in Northern California. The priority disclosure is identical. So are we supposed to ignore the no later than 2002 language? Well, my understanding is that language was something that was just a carryover from prior pleadings. I mean, the penalty for including that language under Adobe's theory is our patent is invalid against all parties for all time. This isn't an issue where we can refile a case because we forgot to include EchoSign version 5 and only asserted it against version 4. So that's the second issue on the amendment. So the first time this issue came up was in the Northern District of California. So I think it would be a harder case if our contentions said no later than April 2002 and then Adobe's invalidity contention said you can't get to 2002 and you've waived everything in between. We would have then moved, I believe, in the Western District of Texas really early in the case. Instead, the parties fought over... That's the risk you were facing all along, correct? Well, I don't think we ever understood our contentions to be so limited. The intent was to get to April of 2002. If we could get some corroborating evidence that... Yes, Your Honor. Is there any... I guess my question is what is your position? What is your understanding of the other side's position? What is the correct answer to the question? Could you plead priority dates in the alternative under Northern District of California Local Rule 3.1, the one that we're talking about, 3.1F, I think? I don't know the answer to that question. The district court seemed to suggest that that's what we should have done. That's in the district court's order. Suggested pleading on the alternative? Yes. If you go to... Which priority date do you now say is the one you should have listed? The 2003 application or the 053 patent. That's the one... Then you would fight about Dinah or whatever? We would fight over... The piece of prior art that was discussed. The DocuSign prior art. What is it? DocuSign? DocuSign. You had a D in it. Right. DocuSign, Your Honor, was never charted and never, at least to my understanding, disclosed in the invalidity contentions, even though Adobe was attacking priority on 2003. This idea about we're trying to avoid DocuSign... In their invalidity contentions, did they cite prior art that post-dated April 2, 2002? In their northern district of Cal... At any point. I saw somewhere in here they have a chart where everything preceded 2002. Right. The actual charted references were pre-2002. Doesn't that suggest that they at least understood that you were asserting 2002 priority date and they did not have to assert backup prior art in case you got back only to 2003? I don't believe so because there's additional references that talk about the level of skill in the art that post-dates 2002 and also the priority defense that Adobe raised was 2003 and 2008. Let me read for you what Adobe actually said at the claim construction hearing. It said they focused the priority arguments in their briefing on the 2003 application and the 2008 application, but they said, although plaintiff has alleged priority based on the earliest provisional application dated 2002, to simplify matters, the new matter analysis that follows discusses the earliest utility application from 2003. The difference between 2003 and 2002 is not relevant to claim construction, but will have relevance for the invalidity inquiry and may be addressed at a later date. Why wasn't that putting you on notice that they thought 2002 was important to validity? Well, Your Honor, that's footnote three on page 1454. To me, that discloses if the issue is only 2002 and everything else is waived, then why fight over 2003? This suggests to me that both sides understood that the applications... But here's where I guess I get... I mean, I guess I'm confused about several things here, but in order for you to get to 2002, you have to get to 2003. So if they wanted to... they win on 2002 if they win on 2003 because you've got to do every link in the chain, right? That's correct. So why is it that they're saying... we can simplify this for you, Judge. Look at 2003. It's missing basically two asserted claim elements, right? I mean, that's what they say. Why does that tell you that they thought 2003 by itself was on the table as a possible priority date under which you could proceed in the case? So in response to those arguments in our claim construction brief and at the hearing, we asserted, hey, we can get to 2003 as the priority date. And look, if I could rewind the clock and go back and redo those contentions, of course I would have put in the alternative 03, in the alternative 08, but they're on the face of the patent and the first sentence of the 393 patent says, this application claims priority to the 2008 application. By the way, where is this suggestion? You were, I think, going to give me a citation. You said the district court in this case suggested you should have pled in the alternative. Yes, Your Honor. It's on page A3. The first paragraph says, we agree could have claimed various priority dates, potentially up to five in the alternative, of course. It's line six through seven. Adobe's point with respect to 2003 and 2008 is what they were trying to say is that those are the dates you're looking at. There's new matter that was added from 2003 to 2011. So they were talking about a different invalidity contention at that point in time. But there was no invalidity contention in the Texas case based on 2002. They have, if our contentions are limited the way Adobe read them and the district court in California did, then the only invalidity theory we were on notice of, which they had to plead, was in 2003 and 2008. If Adobe, it would be a harder case if Adobe told us in Texas, you mention 2002 and there are invalidity contentions. You mention 2002, you can't get back to 2002, game over. We would have promptly sought leave to ammend, and that's not what we meant at all. Where are these invalidity contentions?  Their invalidity contentions, Your Honor, are on pages 1383 to 84. And in 1383 it says, based on defendant's review of specifications as compared to the 053 and the 544, that's the 2003 and 2008 applications, new matter was introduced. That's the priority defense. Right, they're different arguments, right? I don't understand why you're saying they had the obligation to tell you at claim construction that they were going to pursue all of their invalidity defenses at the same time. The argument is not what Adobe was required to provide at claim construction. It's if the local rules and various courts, including Northern California, mentioned your priority disclosure and your invalidity contentions is binding. And Adobe actually cites a case to that effect, which is the synthesis decision where someone's invalidity contentions said, I'm going to attack this priority date on the patent, and then they tried to move for summary judgment on a different priority date, similar chain, and the court said, no, you can't do that. All the information you needed to make your priority defense was on the face of the patent. I see I'm getting into my rebuttal time, and that's the synthesis case. Two minutes for rebuttal.  Thank you, Your Honor. May it please the Court, Craig Countryman for Adobe. There are three independent bases to affirm the district court's denial of leave to amend, and then its alternative finding that the 2003 application lacked written description on two of the claim elements.   The issue of the denial of leave to amend, and let me start by responding to the last point about notice. Our invalidity contentions did say that no, that they didn't have priority to any of the documents in the chain, and that's at Appendix 1383. It's the first paragraph. We say defendants contend that the appropriate priority date for each asserted claim is November 1, 2011. The date of the filing of the application that issued is the 393 patent. In particular, no asserted claim is entitled to the benefit of any earlier filed application. So the last part of that, not entitled to the benefit of any earlier filed application, would show that it was our contention that they weren't entitled to priority for anything in the chain, not for April 2002, not for April 2003. Right, but I guess that seems to me just not to, I'm not seeing the logical implication. In order for, in fact, I would tend to think that that language suggests, you think all the earlier ones are on the table. You think that's what's at issue? 2008, 2003, there were several in 2002, a November and an April. Yes. And that they're all on the table. I don't think so. I mean, I think we covered our bases to say that they don't get priority to any of the applications. But as Judge O'Malley noted, there were several times in Texas where we suggested that we understood their contention to be April 2, 2002. That is their contention. The question is whether that contention was, and if we lose on that, we lose, as opposed to we think we can get back to April 2002, but obviously we can also get back to the intermediate ones, and those two we are not giving up if we can't, if we get only to one of the intermediate dates. The problem for them, though, is that the language of their contentions expressly forecloses that. It says we claim priority to, quote, no later than April 2, 2002. Right. No, that language is, they will never use that again, nor will anybody else. And, in fact, that language was struck in Blue Spike, right? Yes. Both in Blue Spike and in the H case that Judge Alsop cited, you know which one I mean. The question was not can I claim, can I use a priority date between the one, between the patent filing and the one that I've stated. It was rejecting the contention that by saying no later than, let's say here, April 2, 2002, you can't suddenly come in and say, ah, 2001, 2000, 1999, earlier ones, that you are stuck with not being able to go further back in time, but not that you are stuck with if you don't establish support in the application that you cited, you also are, you lose as to any, you've given up, I'm sorry, any claim as to the intervening applications. That just wasn't an issue in those things. That's true, but what those cases reflect is that the policy behind the Northern District rules, which is that parties have to put their contentions out there in early so that they can crystallize the disputes in the case, and here the contentions unambiguously foreclose reliance on any of the later applications. So why were you arguing in Texas about 2003 and 2008 if you thought that they had foreclosed it? So a couple points. First, the point that Judge Toronto noted of the continuity, if they didn't get priority back even to 2003, they couldn't have gotten priority back to 2002. The other point is that… But that's a lot harder, right, because 2003 and 2008 have a lot more stuff in them than 2002. So if you really thought game over if they didn't get to 2002, you would have had a much, much easier argument. In fact, they conceded that you can't establish 2002 if you start comparing claim elements. Right. Well, the other point we wanted to establish was that this 2011 application, which is identified as a continuation, in fact isn't a continuation because there was this new matter added between 2003 and 2011. And so a lot of the discussion was showing the new matter and showing the comparison between 2003 and 2011. And we wanted to show that the 2011 application really wasn't a continuation to call into question their ability to get priority back to these earlier applications. Back to anything else. Right. The other point is that there are no local rules in the Western District of Texas, and it wasn't our understanding that they were required in any way to make priority disclosures. And so if we had been arguing about waiver in the Western District of Texas, we wouldn't have had an argument because there were no local rules. There were no requirements for them to disclose priority, and so they weren't limited in any way by those contentions in the Western District. But once the case moved to California, there are local rules. They serve to the contentions, and we relied on the contentions as they were written. And I would say that in this court they now have this argument that, well, we really just reserve to the contentions, and so therefore we brought all the baggage and the history from Texas into California. That argument was never made to the district court. It's waived in this court, especially because we're dealing here with a discretionary decision by the district court. And so to try and attack the district court here based on an argument that was never made to it isn't appropriate when we're dealing here with an issue of discretion. But the district court talks in terms of notice to the defendants, and there's a lot of back and forth about whether the defendants are really put on notice. But is there really a notice component built into those rules? I don't think there is, and that's the other thing. I mean, certainly the underlying purpose is to crystallize theories early and all that, but ultimately the questions are just twofold. One, what do the contentions say, and do they include 2003? They don't, unambiguously. And then two, we get right to, is there good cause to amend? And there isn't, because we've never had any explanation for why the contentions didn't include April 2003. There was a half-hearted attempt, I think, to suggest that it was a mistake, but the district court found it wasn't a mistake. Did they explain to, I mean, argue to the district court here that they, and indeed you, understood this identical language to allow them to assert their case based on any of the intervening dates, and so it came as a great surprise to them when you asserted the contrary, having litigated under an apparent assumption, other assumption in Texas. No, I don't believe they did, Your Honor. They did mention the Texas proceedings, but they never mentioned this language being present in Texas or them understanding that we understood the language to include 2003. There was no argument to that effect by them to the district court. What is your view about whether they could have pled, let's say, the three or four other possible dates here, or is it five, I don't know, in the alternative and satisfied 3.1F? They absolutely could have pled in the alternative. How would they know that? I mean, I think that's the typical practice for what parties do, when you have a line of applications and there's additional disclosure. Including in the Northern District of California? Yes. Because there's this language from the two cases you cite, Judge Alsop's case and Blue Spike, that suggests greater rigidity. Well, I think what those suggest is when you have these kind of grayish words in front of a date, so at least by or whatever. If a party just comes out and says, look, our contention is the priority date is April 2002, but if we don't get that, it's August 2002, but if we don't get that, it's April 2003, et cetera. That's perfectly permissible, because that then puts the defendant on notice to here are all the potential priority dates, and then here's where I need to go and look for prior art, depending on which of those dates the person actually gets. Instead, we had this contention that says no later than 2002, and so we reasonably relied on that, and when we were searching for prior art, we concentrated our efforts on only things that would have been prior art to April. Concentrate. Can you just tell me what to make of the, I guess I'm looking at 1393 to 5. These are, the title is Table 7, The State of the Art at the Time of Invention, and here, unlike the previous, or unlike two pages earlier, the dates range substantially past April 2, 2002. Right. So a couple things on this. First, I mean, this isn't actually a formal identification of prior art, but I think secondly and most importantly, this gets at the 2002 versus 2011 issue. So yes, there are some things in here that are after 2002. A lot of things. For example, like at 1392, you see this Canadian application from December 2010, but that's on the assumption that if they don't get their 2002 date, then they would be limited to 2011. I think if there had been the disclosure that what we were really thinking about here was April 2003, we would have focused a lot more effort on prior art specifically in that 2002 to 2003 window, but we didn't do that because we understood the contention was limited to no later than April 2. There's a fair bit of art in this list that is in that window. I would agree with that, Your Honor, but if you look at what we charted, because, you know, again, a lot of this is just state of the art, so if you look to Table 1, Appendix 1386, which is the things we actually charted and which is a practical matter if you're in the district court, those would be your key contentions you would bring to trial. All of that is before April 2, 2002. For all these reasons, we think, again, under the standard of review here, which is abuse of discretion, the district court didn't abuse its discretion in enforcing the local rules and holding appellant to its contentions because there was no good cause. Unless there are questions, I'm going to ask that you affirm. Thank you. Mike, to start where Judge Toronto finished on the list of patents that post-date 2002, that suggests that there was at least some search done post-2002, and on the amendment point, we were so early in this case that Adobe could have easily had leave to amend its contentions should we change our infringement contentions to expressly rely on 2003. Had Adobe already filed its validity contentions under – there's like a 14-day and then a 45-day. Have they done the 45-day thing yet? No. They did in the Northern District of California case, but they filed their summary judgment motion first. Their invalid contentions in the Northern District of California case are actually different than they are in the Western District. In the Northern District of California, their invalid contentions mention you can't get to 2002, so your patent is invalid, which is not what's in the Western District of Texas contentions. But they were responding to your own contentions, correct? Just like they were in the Western District of Texas. That is right. So they got the same set of contentions twice, once in Texas and once in California, and they had two different invalidity responses. The first time you said 2002 in Texas, maybe they thought, well, this is still developing. Maybe they're really not going to stick with this. And then you go to California and you get a chance to file your contentions under the local rules, and you say 2002. We just took the same contentions. Mr. Countryman, picking up on this one, mentioned that because there are no local rules in the Western District of Texas – I don't forget whether he said this or whether I was filling in a gap here – that it would have been quite easy to change that, to add it to amendment in the Western District of Texas, so that when you said it the first time, they could not safely assume that you were going to be bound during this case by that, whereas the whole point of these local rules in San Francisco is you really are going to be bound. I disagree with that argument because in the scheduling order in the Western District of Texas, we had to disclose infringement contentions and invalidity contentions, which under those judges, the law that's developed in their cases, have the same force that they would in Northern California in terms of amendment. We would have to show good cause and show diligence. Here, the first time this issue came up, prior to any discovery in the case, any marriage discovery in the case, any expert reports, we asked the district court, let us clean this issue up. The court said no, and it invalidated our patent. Well, the court made factual findings with respect to the question of good cause, did it not? And we have to defer to those, don't we? Yes, they are reviewed for clear, except there are two problems, and the first for diligence is it's the wrong time frame. And that's a question, if the court assumed that for two years, this 2002 issue had been percolating around, and that we knew it when we reserved our contentions in Northern California, but the record showed the exact opposite, that it was 03 and 08. Did you raise that issue with the district court that really all this stuff, we were talking about 2003, 2008 back in Texas, so now you can't hold us to this? We raised in front of the district court that the claim construction proceedings, Adobe knew that we were relying on what was on the face of the patent, and the court at the hearing said, well, what happened in Texas was all about 03 and 08, and counsel for Adobe said, yes, that's right. Where is that hearing? Sure, Your Honor. It's in the transcript, and it's on appendix 2842 to 2843. The court says the debate before the Texas court, and this kind of paraphrasing carried over to 2843, the debate was what happened with the 053, that's the 2003 application, and Mr. Schergenbach, who is Adobe's lawyer, says, right, and the court says there was no discussion about 2002, and then Mr. Schergenbach says, that is true, Your Honor, only because in Texas the plaintiff didn't even try to rely on 2002, but that's factually incorrect because our infringement contentions in 2002 had the same language that they have in Northern California, so if we were not relying on 02 in California and we're relying on 03. Doesn't all that factual information actually cut against you because, you know, if you're saying 2003 and 2008 were always on the table, then why did you say no later than 2002 when you filed your infringement contentions in California? Because that was the same disclosure we made in Texas to put those applications on the table. But this is your argument that you just made a mistake. But the district court found that wasn't the case. Well, the district court concluded that we didn't have a declaration from the lawyer who put this together and that we were somehow purposefully trying to get around DocuSign even though it was never charted and was under the idea that 2002 had been at issue for 20 months, but the very first time this came up, we asked the court for leave to amend. We were very early in the case in California. There isn't a single Northern district case they cite to where a priority issue results in invalidating the patent for all time. There's one, the biogenetics case, where the court said, I'm going to grant their summary judgment motion, the patent's invalid, and it italics in this lawsuit only. The prejudice to us is very, very, very significant. It invalidated the patent. Is prejudice a component of the application of the rules, though? Well, it's a two-part inquiry, diligence and prejudice. And so there was no prejudice to Adobe. The court found there was no prejudice. There's obviously prejudice to us. The threshold question is diligence, and in that the court was looking at the incorrect time frame under the assumption that this 02 issue was raised in Texas and it never was. And the first time it was raised, we asked for leave to amend. We did so very early. The court abuses discretion when it denied leave. The court decided that perhaps it was a litigation strategy that you were pursuing by not seeking to amend. What type of benefit would arrive or litigation strategy could there be for that? For us to put no later than 2002? Right. I don't know what it would mean, why we would have that and intend to give up everything else. And the reason for that is even if the intervening art is not Adobe's product, so they can't satisfy their invalidity burden by just pointing to EchoSign like they do in 2011. It's a third-party product, DocuSign, that they would have to prove up with clear and convincing evidence. And the burden is on them, and the burden is on us to just prove priority by a preponderance. So there's no reason we would give up all of those intervening dates and essentially stipulate that our patent would be invalid if we can't get to 2002 because they still have to prove an invalidity case. There hasn't been a chart on DocuSign that's been produced, to my knowledge, that shows invalidity indicating we would waive our right to those and the intervening applications in the Texas record shows the opposite because we argued in front of the Texas court we can get to 2003. We say the priority date is 2003, and that's in the claim construction transcript and in our response brief, and we just took the same contentions and reserved them. In hindsight, it's 2020. We wouldn't be here, I assume, if we had put in all of those alternative dates, although I don't exactly believe that Adobe would have allowed that. Okay, you're way out of time, so we're going to have to break. Thank you, Your Honor. All rise. The Honorable Court is adjourned until tomorrow morning, 6 o'clock a.m.